UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BYRON SMITH,<br><br>                        Plaintiff,<br><br>    - against -<br><br><br>ART REPORT LLC<br><br>                      Defendant. | Docket No. 1:18-cv-11019-LAP |

**STATEMENT OF DAMAGES**

Plaintiff Byron Smith, via counsel, hereby submits the following statement of damages in support of Plaintiff's application for entry of default judgment against Art Report LLC ("Defendant") pursuant to Fed.R.Civ.P. 55(b)(2) and Local Rule 55.2(b).

**Count I – Actual Damages for Copyright Infringement**

1.    Plaintiff's claim for copyright infringement under 17 U.S.C. § 501 is based on Defendant's unlawful expropriation of Plaintiff's registered photograph of an aerial light show that was initially published by the New York Times with attribution (the "Photograph").

2.    In general, a default judgment establishes legal liability, *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981), but "the allegations in the complaint with respect to the amount of damages are not deemed true," *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).  Instead, a district court must "ascertain the amount of damages with reasonable certainty." *Pasatieri v. Starline Prods., Inc.,* No. 18CV4688RPKVMS, 2020 WL

5913190, at *2 (E.D.N.Y. Oct. 6, 2020) (citing i*d*.). This "involves two tasks: determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.*

4.      The proper rule for calculating infringement damages considers "the fair market value of a license covering the defendant's infringing use." *On Davis v. The Gap, Inc.*, 246 F.3d 152, 172 (2d Cir. 2001), *as amended* (May 15, 2001).  That value reflects "the reasonable license fee on which a willing buyer and a willing seller would have agreed for the use taken by the infringer." *Id.* at 167.  To be sure, "some difficulty in quantifying the damages attributable to infringement should not bar recovery." *Id.*  However, "[t]he Court is not required to hold a hearing when there is a sufficient documentary basis to conclude the appropriate amount of damages." *Smith v. Paul A. Castrucci, Architects, PLLC*, No. 20-CV-3176 (JGK), 2021 WL 930628, at *1 (S.D.N.Y. Mar. 11, 2021).

5.      On default judgment applications, courts in this District have utilized benchmark license fees to assess the fair market value of a photograph.  *See, e.g., Smith,* 2021 WL 930628, at *1 (on default, finding similar photograph had a benchmark licensing fee of $1,680 based on evidence submitted from Getty Images, coupled with the plaintiff's sworn declaration); *Cuffaro v. Fashionisto LLC*, No. 19-CV-7265 (GBD) (KHP), 2020 WL 5077449, at *3 (S.D.N.Y. July 9, 2020), *report and recommendation adopted,* 2020 WL 5076826 (S.D.N.Y. Aug. 27, 2020) (on default judgment involving photograph with no licensing fee history, court credited evidence submitted from Getty Images to establish reasonable estimate of licensing fee for a similar photograph).

6.      Here, the fair market value of the Photograph is what Plaintiff would have been reasonably entitled to charge had Defendant hypothetically contacted him to obtain

permission. *On Davis,* 246 F.3d at 159.  Based on benchmark license fees that Plaintiff charged third-party media outlets for use of his other photographs, Plaintiff would have been entitled to charge up to $1100.00 for use in an editorial style article (electronic).  *See* Byron Smith Decl., ¶¶ 6- 7, Ex. E (evidencing a benchmark estimate of $1100.00 and $1000.00 for comparable photographs licensed to CNN and NBC).

4.      Under the circumstances described above, and documentary evidence submitted herewith, Plaintiff respectfully submits that a $1,100.00 award in actual damages is justified for Count I.

**Count II – Statutory Damages for Violation of the DMCA**

5.      Plaintiff's claim for violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, is based on Defendant's unlawful removal and/or alteration of Plaintiff's copyright management information.

6.      To establish a DMCA claim pursuant to 17 U.S.C § 1202(b)(3), a plaintiff must establish: "(1) the existence of CMI on the infringed work; (2) distribution of the infringed work containing missing and/or altered CMI; (3) that the distribution was done knowing that the CMI was removed and/or altered without permission; and (4) that the distribution was done knowing that it would induce, enable, facilitate, or conceal an infringement." *Mango v. BuzzFeed, Inc.,* 356 F. Supp. 3d 368, 377 (S.D.N.Y. 2019), *aff'd*, 970 F.3d 167 (2d Cir. 2020).

7.      Here, the Complaint alleges the requisite elements. [Compl. ¶¶19-25] The record shows that the Photograph was initially published with an attribution to Plaintiff [Smith Decl. ¶ 2, Ex. B] and that Defendant removed Plaintiff's attribution from the Photograph upon republication.  [Smith Decl. ¶ 6, Ex. D]

8.    The Digital Millennium Copyright Act ("DMCA") provides that courts may award between $2,500 and $25,000 in statutory damages for violation of section 1202(b). *See* 17 U.S.C. § 1203(c)(3)(B); see also *Mango*, 356 F. Supp. 3d at 378 (S.D.N.Y. 2019), (awarding $5,000 for section 1202(b)(3) violation of a single photograph).

9.    On motions for default judgment, "courts have generally found an award of $5,000 per DMCA violation appropriate as it provides fair compensation to the copyright holder and effectively deters future infringement." *See Olusola v. Don Coqui Holding Company, LLC,* No. 19-CV-6909-MKB-JO, 2021 WL 631031, at *5 (E.D.N.Y. Feb. 18, 2021); *Bass v. Diversity Inc. Media*, No. 19-CV-2261, 2020 WL 2765093, *4–5 (S.D.N.Y. May 28, 2020) (finding that $5,000 in statutory damages under the DMCA "is likely 'a substantial multiple of [the plaintiff's] licensing fee,' and thus will 'satisfy the dual purposes of statutory damages — compensation and deterrence.'" (quoting *Seelie v. Original Media Grp. LLC*, No. 19-CV-5643, 2020 WL 136659, at *5 (E.D.N.Y. Jan. 13, 2020)); *Mantel v. SMASH.com Inc.*, No. 19-CV-6113, 2019 WL 5257571, at *4 (W.D.N.Y. Oct. 17, 2019) ("Courts have found an award of $5,000 [for a DMCA violation] appropriate in circumstances like these, where there is evidence of willfulness but also a lack of evidence of direct injury." (collecting cases)); *Mango*, 356 F. Supp. 3d at 378 (finding the "modest amount [of $5,000] accounts for [the defendant's] willful conduct . . . [and] avoids duplicating compensation for similar conduct as addressed [under the Copyright Act] and not[ing] that district courts in the Second Circuit award amounts consistent with or above this figure"); *Wexler v. Synergy Prep, Inc.*, 20-cv-2672 (CBA) (SMG), 2021 WL 260635, at *4 (E.D.N.Y. January 3, 2021) (awarding $5000 in statutory damages under the DMCA since "[the] plaintiff has established that [the] defendant willfully removed copyright

4

information from the [p]hotograph, ... [but] has offered no evidence illustrating the extent of the harm [the] defendant's infringement caused"); *Myeress v. Elite Travel Group USA*, 18-cv-340 (AJN), 2018 WL 5961424, at *4 (S.D.N.Y. November 14, 2018); *Dermansky v. Telegraph Media*, LLC, 19-cv-1149 (PKC) (PK), 2020 WL 1233943, at *6 (E.D.N.Y. March 13, 2020) (awarding $5,000 in statutory damages under the DMCA on the grounds that "there was only one act of infringement, [the p]laintiff took no action to cure the violation, such as by sending a cease-and-desist letter or application for injunctive relief, and [the p]laintiff has submitted no evidence of actual harm in support of her application").[1]

10. Under the circumstances describe above, a $5000.00 statutory damages award is justified for Count II

Dated: April 29, 2021
　　　New Rochelle, New York

　　　　　　　　　　　　　　　　　　Respectfully Submitted:

　　　　　　　　　　　　　　　　　　**s/jameshfreeman/**
　　　　　　　　　　　　　　　　　　By:  James H. Freeman
　　　　　　　　　　　　　　　　　　LIEBOWITZ LAW FIRM, PLLC
　　　　　　　　　　　　　　　　　　1333A North Ave., Ste. 762
　　　　　　　　　　　　　　　　　　New Rochelle, NY 10804
　　　　　　　　　　　　　　　　　　(516) 233-1660
　　　　　　　　　　　　　　　　　　JF@LiebowitzLawFirm.com

　　　　　　　　　　　　　　　　　　*Counsel for Plaintiff*

---

[1] Although other courts have awarded the statutory minimum of $2,500 on default. *Prokos v. IQ Homes & Co. Inc.*, No. 20CV1220EKRER, 2021 WL 982878, at *5 (E.D.N.Y. Feb. 11, 2021), *report and recommendation adopted*, No. 20-CV-1220 (EK)(RER), 2021 WL 980869 (E.D.N.Y. Mar. 16, 2021); *Farrington v. Sell It Soc., LLC*, No. 18 CIV. 11696 (JPC), 2020 WL 7629453, at *4 (S.D.N.Y. Dec. 21, 2020) (awarding $2,500 for violation of DMCA on default judgment).